STROHMEYER & ARPE CO. *v.* UNITED STATES (No. 3081)[1]

United States Court of Customs Appeals, January 29, 1929

*Allan R. Brown* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Kenneth G. Osborn,* special attorney, of counsel), for the United States.

*Marion De Vries* and *George Roscoe Davis* (*Jesse P. Crawford* of counsel), amici curiæ.

[Oral argument October 3, 1928, by Mr. Brown, Mr. Lawrence, and Mr. Crawford]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, described in the invoices as stearic acid, was assessed for duty by the collector at the port of New York at 25 per centum ad valorem under the provision for "all other acids and acid anhydrides not specially provided for," contained in paragraph 1 of the Tariff Act of 1922, which reads as follows:

PAR. 1. Acids and acid anhydrides: Acetic acid containing by weight not more than 65 per centum of acetic acid, three-fourths of 1 cent per pound; containing by weight more than 65 per centum, 2 cents per pound; acetic anhydride, 5 cents per pound; boric acid, 1½ cents per pound; chloroacetic acid, 5 cents per pound; citric acid, 17 cents per pound; lactic acid, containing by weight of lactic acid less than 30 per centum, 2 cents per pound; 30 per centum or more and less than

55 per centum, 4 cents per pound; and 55 per centum or more, 9 cents per pound: *Provided*, That any lactic-acid anhydride present shall be determined as lactic acid and included as such: *And provided further*, That the duty on lactic acid shall not be less than 25 per centum ad valorem; tannic acid, tannin, and extracts of nutgalls, containing by weight of tannic acid less than 50 per centum, 4 cents per pound; 50 per centum or more and not medicinal, 10 cents per pound; 50 per centum or more and medicinal, 20 cents per pound; tartaric acid, 6 cents per pound; arsenic acid, 3 cents per pound; gallic acid, 8 cents per pound; oleic acid or red oil, $1\frac{1}{2}$ cents per pound; oxalic acid, 4 cents per pound; phosphoric acid, 2 cents per pound; pyrogallic acid, 12 cents per pound; stearic acid, $1\frac{1}{2}$ cents per pound; and all other acids and acid anhydrides not specially provided for, 25 per centum ad valorem.

The importer protested the assessment of duty, claiming that the merchandise was designated in the trade of the United States as "stearic acid" and dutiable as such under the eo nomine provision therefor in paragraph 1.

The Government contended that the imported merchandise was not the stearic acid of commerce, and was not so designated in the trade.

On the trial below, the issues being the same, this case was consolidated with the protests of *Lamont, Corliss & Co. et al.* The court below decided the consolidated case adversely to importers. Whereupon, *Lamont, Corliss & Co. et al.* filed an appeal to this court (Suit No. 3076). Thereafter, appellant, *Strohmeyer & Arpe Co.*, filed an appeal in this court (Suit No. 3081).

We discussed the issues fully in the case of *Lamont, Corliss & Co. et al.* v. *United States*, 16 Ct. Cust. Appls. 488, T. D. 43224), decided concurrently herewith. Therefore, it is unnecessary to enter upon an extended discussion here. On the authority of the decision in the *Lamont, Corliss & Co. et al.* case, *supra*, the judgment below is *affirmed*.